■ Manny Torres, Respondent-Appellant, v City of New York, Appellant-Respondent. [706 NYS2d 111] —Judgment, Supreme Court, Bronx County (Luis Gonzales, J.), entered August 7, 1998, awarding plaintiff, after a jury trial, damages in the total amount of $420,000, plus interest, costs and disbursements, unanimously affirmed, without costs.

Plaintiff testified that, as he was riding his bicycle over a

recreational ramp in defendant City's park, he lost control of the bicycle when the bicycle's front wheel became caught in a gap between the flat surface on top of the ramp and one of the ramp's inclines. The photographs received into evidence establish that the gap would not have been apparent to a rider approaching the ramp head-on, and, as a matter of law, plaintiff did not assume the risk arising from such a concealed hazard (*see, e.g., Morgan v State of New York*, 90 NY2d 471, 485, citing *Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658). Accordingly, there was no occasion to submit the issue of primary assumption of risk to the jury, and the verdict for plaintiff is fully supported by the evidence, which showed, *inter alia*, that the ramp had been designed by a City employee without any apparent qualifications. We further note that the City failed to produce any records of the design, approval or construction of the ramp, from which the jury was entitled to draw inferences adverse to the City, as the trial court properly charged. The court's supplementary charge to the jury after deliberations had commenced was correct on the law, and, under the circumstances, does not warrant ordering a new trial.

We find that the jury's award of damages for plaintiff's injuries, as reduced by the trial court, does not materially deviate from reasonable compensation. Concur—Rosenberger, J. P., Nardelli, Mazzarelli, Wallach and Rubin, JJ.